**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01317-NRN

LINDA STILL,

Plaintiff,

v.

MICHAEL ZELAYA,
PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES,
UNITED STATES OF AMERICA,
STATE OF COLORADO DEPARTMENT OF REVENUE,
SYSTEM PAVERS OF COLORADO, LLC,
SU RYDEN, in her official capacity as the Public Trustee for Arapahoe County, Colorado,

Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

October 15, 2019 at 10:00 a.m.

| For Plaintiff: | For Defendant PHH Mortgage Corporation: |
|---|---|
| Daniel J. Vedra<br>Vedra Law LLC<br>1444 Blake Street<br>Denver, CO 80202 | Michael D. diFilipo<br>Murr Siler & Accomazzo, P.C.<br>410 17th Street, Suite 2400<br>Denver, CO 80202 |
| | For Defendant System Pavers of Colorado, LLC: |
| | Joshua D. McMahon<br>Reagan Larkin<br>Sweetbaum Sands Anderson PC<br>1125 17th Street, Suite 2100<br>Denver, CO 80202 |

00048829. 1

For Defendant Michael Zelaya:

Craig D. Flinders
Flinders Law LLC
8310 S. Valley Highway, Suite 300
Englewood, CO 80112

No appearances for the United States of America, State of Colorado, or Su Ryden.

## 2. STATEMENT OF JURISDICTION

Subject matter jurisdiction is premised upon the United States as a party to an action to partition real property in which the United States claims an interest pursuant to a lien for unpaid taxes. 28 U.S.C. § 2410(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: This is an action to partition real property. Plaintiff was the sole owner of the real property commonly known as 5457 Buchanan Court, Aurora, Colorado 80016 and legally described as: Lot 26, Block 2, Dove Hill, County of Arapahoe, State of Colorado (the "Property"). In connection with a prior option to purchase the Property, Plaintiff conveyed her sole interest in the Property to Plaintiff and Defendant Michael Zelaya. Subsequent to the conveyance, Defendant Zelaya proceeded to encumber the Property with liens for unpaid taxes (both state and federal) and a judgment in favor of Systems Pavers of Colorado, LLC ("Systems Pavers"). Those monetary obligations were incurred solely for the benefit of Defendant Zelaya, and in seeking to partition the property, Plaintiff submits that only Defendant Zelaya's interest should be charged with the liens. Plaintiff, therefore, seeks an order of partition requiring the Property to be sold, and the liens encumbering the Property should be paid in the following order:

    a.      First, to the payment of the Deed of Trust;
    b.      Second, to pay Plaintiff's attorney fees and costs, including the costs of sale;
    c.      Third, to pay Plaintiff up to one half of the difference between the sales price and the sum of the outstanding balance of the Deed of Trust plus the Plaintiff's fees and costs;
    d.      Fourth, to pay the USA, State of Colorado, and Systems Pavers in accordance with their priorities; and
    e.      Fifth, to pay Zelaya ("E").

b.      Defendant(s): Defendant PHH Mortgage Corporation takes no position at this time regarding Plaintiff's partition claim, but asserts that PHH Mortgage Corporation is the beneficiary of the senior lien on the Property, and is entitled to priority and a full

payoff of all amounts due under the applicable loan upon any sale or partition of the Property. PHH does not otherwise oppose Plaintiff's proposed distribution of proceeds from sale, but reserves the right to institute a public trustee's foreclosure if the loan secured by a deed of trust on the Property is not current.

Defendant System Pavers of Colorado, LLC ("System Pavers") obtained judgments against Plaintiff Linda Still and Defendant Michael Zelaya, jointly and severally, in the amount of $43,949.05 and against Defendant Michael Zelaya in the amount of $18,639.00 on July 5, 2018 (collectively, the "Judgments") in connection with Case No. 2018CV030254 in the District Court of Arapahoe County, Colorado. System Pavers recorded transcripts of the Judgments in Arapahoe County, Colorado on July 30, 2018. Such transcripts attached as liens to the Property immediately. The Quit Claim Deed, conveying the property to Plaintiff Linda Still and Defendant Michael Zelaya, clearly and unambiguously conveys the Property to Still and Zelaya as joint tenants. Accordingly, System Pavers is entitled to a full payoff of all amounts due under the Judgments upon any sale or partition of the property.

c.      Defendant Michael Zelaya: On or about November 18, 2015, Mr. Zelaya occupied the property under a lease agreement with an option to purchase. Mr. Zelaya has continuously and exclusively occupied the property since that date. Mr. Zelaya has made substantial contributions to expenses to hold, maintain, and improve the property. Mr. Zelaya has made such payments variously to Plaintiff, the mortgagee, the Arapahoe County Public Trustee, and contractors. In consideration of these contributions, Plaintiff conveyed by quitclaim deed an undivided one-half interest in the property to Mr. Zelaya on April 24, 2016. The improvements constructed by Defendant System Pavers of Colorado LLC benefit equally the interests of both Plaintiff and Mr. Zelaya and the lien therefor should be charged accordingly. Mr. Zelaya seeks a fair adjudication of his rights in the property and a fair distribution of the proceeds from the sale of the property in accordance with *Martinez v. Martinez*, 638 P.2d 834 (Colo. App., 1981).

Mr. Zelaya asserts the following affirmative defenses:

1. Plaintiff's claims are reduced by Mr. Zelaya's right of contribution and setoff for contributions he has made to hold, maintain, and improve the property.
2. Plaintiff's claims are reduced by Mr. Zelaya's right of contribution and setoff for payments made by Mr. Zelaya directly to Plaintiff.
3. Plaintiff's claims may be barred or reduced by her failure to mitigate damages.
4. Plaintiff's complaint may be barred by her failure to join an indispensable party.
5. Plaintiff's claims may be barred or reduced by the doctrines of unjust enrichment, laches, estoppel, waiver, acquiescence, and unclean hands.
6. Defendant System Pavers of Colorado LLC's judgment lien is excessive.
7. C.R.S. § 38-28-101 *et seq.* makes no provision for an award of attorney's fees to a party.

00048829. 1

c.  Other Parties:

**4. UNDISPUTED FACTS**

The following facts are undisputed:

1. Jurisdiction and venue are proper.

2. PHH Mortgage Corporation is the assignee and current beneficiary of the deed of trust recorded in the Arapahoe County, Colorado real property records on January 31, 2008, at Reception No. B8012464 (the "Deed of Trust").

3. The Deed of Trust is a valid, continuing, first-position lien on the entire Property and all interests therein, and is senior to all other liens on, or interests in, the Property.

4. On or about April 25, 2016, Plaintiff executed a certain Quitclaim Deed, recorded in the real property records for the County of Arapahoe, State of Colorado at Reception No. D6043845, conveying the Property to Still and Zelaya (the "Quit Claim Deed").

5. On or about April 30, 2018, the USA, by and through its agency the Department of the Treasury Internal Revenue Service, recorded a Notice of Federal Tax Lien in the real property records for the County of Arapahoe, State of Colorado at Reception No. D8041505.

6. On or about April 10, 2017, the USA, by and through its agency the Department of the Treasury Internal Revenue Service recorded a Notice of Federal Tax Lien in the real property records for the County of Arapahoe, State of Colorado at Reception No. D7040219.

7. The foregoing Notices of Federal Tax Lien name Zelaya as the debtor.

8. On or about January 9, 2018, the State of Colorado Department of Revenue recorded a transcript of judgment in the real property records for the County of Arapahoe, State of Colorado at Reception No. D8002857..

9. On or about March 29, 2018, the State of Colorado Department of Revenue recorded a transcript of judgment in the real property records for the County of Arapahoe, State of Colorado at Reception No. D8030524.

10. On or about July 30, 2018, System Pavers recorded a transcript of judgment in the real property records for the County of Arapahoe, State of Colorado at Reception No. D8074493, naming Zelaya as judgment debtor.

11. On or about July 30, 2018, Systems Pavers recorded a transcript of judgment in the real property records for the County of Arapahoe, State of Colorado at Reception No. D8074494, naming Zelaya and Still as judgment debtors.

12. A physical partition of the Property would be infeasible.

## 5. COMPUTATION OF DAMAGES

As an equitable action, Plaintiff does not seek an award of damages. Instead, Plaintiff and Defendant Zelaya seek only an equitable division of the proceeds from the sale of the Property.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting:

September 25, 2019.

b. Names of each participant and party he/she represented.

Daniel J. Vedra, attorney for Plaintiff; Craig Flinders, attorney for Defendant Zelaya; Michael D. diFilipo, attorney for PHH Mortgage; and Reagan Larkin, attorney for System Pavers.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Ms. Still provided disclosures on October 8, 2019.

Mr. Zelaya provided disclosures on October 8, 2019.

Systems Pavers provided disclosures on October 4, 2019.

PHH Mortgage Corporation may not disclose confidential or financially private documents, including without limitation those containing the nonpublic personal information of the Plaintiff or any other PHH Mortgage Corporation borrower, until an appropriate protective order has been entered.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

As stated in c.

e. Statement concerning any agreements to conduct informal discovery:

None.

      f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

None.

      g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties do not anticipate that this action will involve discovery of electronically stored information. To the extent that ESI is requested or disclosed, the parties will produce as either PDF or TIF files.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiff has previously settled with both the State of Colorado and the United States.

### 7.     CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

      a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each party shall be deposed at most once for up to six hours. Each party shall be permitted to depose up to two non parties for up to three hours.

      b.      Limitations each party proposes on the length of depositions.

All depositions of parties shall be limited to six hours. All depositions of non-parties shall be limited to three hours.

      c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Requests for production shall be limited to ten. Requests for admission not involving the authenticity of a document shall be limited to twenty. The parties may request any other party to admit the authenticity of up to thirty documents.[If the parties propose

more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]

      d.      Other Planning or Discovery Orders

## 9. CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings:

December 31, 2019.

      b.      Discovery Cut-off:

April 13, 2020.

      c.      Dispositive Motion Deadline:

May 11, 2020.

      d.      Expert Witness Disclosure

           1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff and Defendant Zelaya may each designate an accountant to calculate the amount contributed to the property by each party and a real estate agent or an appraiser to opine of the value of the Property.

           2.      Limitations which the parties propose on the use or number of expert witnesses.

           3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 13, 2020.

           4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 10, 2020.

      e.      Identification of Persons to Be Deposed:

Plaintiff intends on deposing Michael Zelaya.

00048829. 1

System Pavers intends to depose Linda Still and Michael Zelaya.

Defendant Zelaya intends to depose Linda Still.

    f.    Deadline for Interrogatories:

Forty five days prior to the discovery cut off.

    g.    Deadline for Requests for Production of Documents and/or Admissions

Forty five days prior to the discovery cut off.

## 10. DATES FOR FURTHER CONFERENCES

[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]

    a.    ~~Status conferences will be held in this case at the following dates and times:~~
**JOINT STATUS REPORT** shall be filed no later than **February 21, 2020**.

    b.    A final pretrial conference will be held in this case on May 13, 2020 at 11:00 a.m. _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

    b.    Anticipated length of trial and whether trial is to the court or jury.

Trial is anticipated to last no more than two days to the court.

A two-day **Bench Trial** is set to commence on *July 29, 2020 through July 30, 2020* at **9:00 a.m.** before Judge N. Reid Neureiter in Courtroom C203

c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.

Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this  15th                   day of October     , 2019 .

BY THE COURT:

*N. Reid Neureiter*
United States Magistrate Judge

APPROVED:

_____        _____
(Name)                                (Name)

(Address)                             (Address)

00048829. 1

|  |  |
| --- | --- |
| (Telephone Number) | (Telephone Number) |
| Attorney for Plaintiff (or Plaintiff, Pro Se) | Attorney for Defendant (or Defendant, Pro Se) |

*[Please affix counsels' and any pro se party's signatures before submission of the final scheduling order to the court.]*